UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-20631-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WALTER LOUISSAINT,

        Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

      COMES NOW, the Defendant, WALTER LOUISSAINT, by and through his undersigned attorney, and respectfully files the following Objections to the PreSentence Investigation Report, dated December 10, 2009 and would specifically state unto this Court the following:

      1. The Defendant objects to paragraph 19 of the PreSentence Investigation Report finding the Defendant to be a Armed Career Criminal pursuant to U.S.S.G. 4B1.4(b)(3)(B), and 18 U.S.C. 924(e), The Defendant does not qualify as an armed career criminal nor should he be subjected to an enhanced sentence because he does not have "three previous convictions" as defined in 18 U.S.C. 924(e) for a "violent felony or a serious drug offense, or both" The Defendants Offense Level should not be 33. The Defendants Total Offense Level should be 20.

      The convictions relied upon in the PreSentence Investigation Report are the result of Youthful Offender dispositions in a state court proceeding. All (3) three dispositions were imposed on the same day, to wit: July 16, 2004, at the same time and by the same Judge. The Youthful Offender sentences were negotiated by the State of Florida and the Defendant and all

1

ran concurrent with one another. The total incarceration period was only 365 days in county jail on all (3) three cases. In United States v. Pinion, 4 F.3d 941, 944-45 (11th Cir. 1993), the Court held that prior youthful offender convictions under state law may be used as predicate offenses to classify an adult defendant as a career offender under 4B1.1 if the defendant's youthful offense resulted in an adult conviction and a sentence of **more than one year and one month**. Pinion actually served (27) twenty-seven months incarceration after being sentenced as a youthful offender.

Similarly, United States v. Wilks, 464 F.3d 1240 (11th Cir. 2006), which also followed the holding in Pinion, also found that Armed Career Criminal Act enhancements were proper since the defendant, who was treated as a youthful offender, was sentenced to a term of imprisonment **exceeding one year and one month**. Wilks received a (16) sixteen month prison sentence as a youthful offender.

In fact, in some states a youthful offender adjudication is not even considered an adult conviction for purposes of the Armed Career Criminal Act. See United States v. Robinson, 518 F.Supp 2d 1341 (M.D. Ala. 2007).

2. The Defendant objects to Paragraph 23-25 of the PreSentence Investigation Report which summarizes the Defendants prior record as it relates to application of the Armed Career Criminal designation pursuant to 18 U.S.C. 924(e). Specifically, paragraph 25 is incorrect in describing the ultimate disposition in that case. The Defendant received a **withhold of adjudication** from the Circuit Court in Dade County, Florida on July 16, 2004. The sentence imposed ran concurrent with the (2) two other cases mentioned in paragraph 23 and 24.

2

3. The Defendant objects and would like to clarify the facts surrounding the prior offenses mentioned in paragraph 23-25. While the Defendant, who was a juvenile delinquent at the time, was charged with Armed Robbery offenses which involved a firearm in at least (2) two of the cases, he did not actually "use" or "carry" a "firearm", "knife" or "destructive device" in any of the offenses. There were co-defendants in each of the (3) three cases, who played a much more culpable role than the Defendant. Specifically, in paragraph 23 of the PreSentence Investigation Report, referring to case number F04-8991B, the weapon that was used in the commission of the crime was a BB gun, not a firearm or destructive device. Further, it states that "one of the codefendants pointed" the BB gun at the victim. In paragraph 24 of the PreSentence Investigation Report, referring to case number F04-9002B, it indicates that co-defendants, Jason Pierre "ordered him out of his vehicle at gunpoint." Finally, in paragraph 25 of the PreSentence Investigation Report, referring to case number F04-12849, it indicates that the Defendant approached the victim with a handgun. This is incorrect. The Defendant did not possess a firearm during this incident and in fact, left the immediate location when the crime took place, thus his involvement was much less culpable than his co-defendants. The Defendant asserts that this is why the Defendant received a withhold of adjudication on this case and sentenced as a youthful offender.

4. The Defendant objects to paragraph 29 of the PreSentence Investigation Report finding him to be an armed career criminal for offenses he committed when he was a juvenile delinquent in 2004. The Defendant does not have (3) three previous convictions for a "violent felony" since all (3) three offenses mentioned in paragraphs 23-25 of the PreSentence

Investigation Report, committed while he was a juvenile delinquent, did not involve him using or carrying a firearm, knife or destructive device.

Further, the Defendant does not have (3) three previous convictions for a "violent felony", "committed on occasions different from one another" as those terms are defined in 18 U.S.C. 924(e). The offenses listed in paragraph 24 and 25 of the PreSentence Investigation Report both took place on February 21, 2004 within a relatively short period of time. All the offenses were committed in a similar manner and seemed to target restaurant delivery drivers. As these offenses were committed identical to one another, in such a short time spree as to be close in temporal proximity to each other, they must be considered part of one or the same "criminal episode". All (3) three offenses therefore, were not committed on occasions different from one another.

Finally, the definition in 4B1.2(c), relating to "two prior felony convictions", concerning eligibility for Career Offender should also be applied to the "three previous convictions" concerning eligibility for Armed Career Criminal in 18 U.S.C. 924(e). Applying the definitions of terms used in section 4B1.1, the (3) three offenses from 2004, reflected in the PreSentence Investigation Report, are not separated by intervening arrests and should be considered only (1) one conviction for purposes of the Armed Career Criminal Act. 4A1.2(a)(2) considers a prior sentence to be counted separately while computing criminal history, when the sentences were imposed for offenses that were separated by an intervening arrest. If there is no intervening arrest, prior sentences are counted separately unless the sentences were imposed on the same day. All (3) three of Defendants sentences were imposed simultaneously on July 16,

4

2004 by the same Court.

     5.  The Defendants objects to paragraph 56 of the PreSentence Investigation Report finding that the term of imprisonment shall not be less than 15 years because he should not be considered an armed career criminal pursuant to 18 U.S.C. 924(e), as stated in the paragraphs above.

     6.  The Defendant objects to paragraph 57 of the PreSentence Investigation Report based upon the grounds stated in the paragraphs above. Based on a total offense level of 20 and a criminal history category of IV, the guideline imprisonment range is 51-63 months.

                                Respectfully submitted,

                                JONATHAN S. FRIEDMAN, P.A.
                                ONE EAST BROWARD BLVD.
                                SUITE 925
                                WACHOVIA BANK TOWER
                                FORT LAUDERDALE, FLORIDA 33301
                                TELEPHONE (954) 713-2820
                                FACSIMILE (954) 713-2894

                                _/S/ Jonathan S. Friedman___
                                JONATHAN S. FRIEDMAN, ESQ.
                                FLORIDA BAR NUMBER: 0973297

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 24, 2009, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, United States Attorney's Office and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

                                                    _/S/ Jonathan S. Friedman_
                                                    JONATHAN S. FRIEDMAN, ESQ.