UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20631-CR-SEITZ

UNITED STATES OF AMERICA,

v.

WALTER C. LOUISSAINT,

      Defendant.
_____/

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

The United States of America (the "Government"), by and through its undersigned counsel, hereby responds in opposition to the Defendant's Objections to Pre-Sentence Investigation Report.

## Introduction

On October 30, 2009, a jury found the defendant Walter C. Louissaint ("Louissaint") guilty of having possessed a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1). Louissaint committed this offense on May 19, 2008, after he was convicted of car-jacking and robbery offenses in Miami-Dade Circuit Court Cases F04-008991B, F04-009002B, and F04-012849B.

Probation finds that Louissaint qualifies as an armed career criminal and is therefore subject to a mandatory minimum sentence of fifteen (15) years imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), codified in Title 18, United States Code, Section 924(e). Louissaint objects to the application of Title 18, United States Code, Section 924(e). In particular, Louissaint argues that Section 924(e) does not apply because:

    1.    The convictions in Cases F04-008991B, F04-009002B, and F04-012849B "are the result of Youthful Offender dispositions." (*See* Objections (D.E. 52), at 1, ¶ 1.)

2. All three dispositions were imposed on the same day, at the same time, by the same judge, and Louissaint was sentenced to concurrent sentences of 365 days in prison. (*See* Objections, at 1-2, ¶ 1.)

3. The disposition in Case No. F04-012849B cannot be counted as a predicate conviction for the ACCA, because adjudication was withheld. (*Id.*, at 2, ¶ 2.)

4. None of the cases qualifies as a "violent felony" because the offenses were committed when Louissaint was a juvenile and in each case it was one of his co-defendants who pointed the BB gun at the victim – thus, Louissaint did not use or carry a firearm, knife, or destructive device. (*Id.*, at 3-4, ¶¶ 3-4.)

5. The offenses for which Louissaint was convicted in Cases F04-012849B and F04-009002B were both committed on February 21, 2004; accordingly, they were not committed on occasions different from one another (rather, they comprised a single car-jacking, robbery spree). (*Id.*, at 4, ¶ 4.)

6. United States Sentencing Guideline § 4A1.2(a)(2) controls the determination of whether there are three prior convictions for a "violent felony" under Title 18, United States Code, Section 924(e); accordingly, because there were no intervening arrests between the offenses, the dispositions in Cases F04-008991B, F04-009002B, and F04-012849B count as only one conviction. (*Id.*, at 4-5.)

These arguments have no merit. As explained below, Louissaint's convictions in Cases F04-008991B, F04-009002B, and F04-012849B qualify as "violent felony" convictions, because in each case Louissaint was convicted and sentenced as an adult, for an offense punishable by imprisonment for more than one year, and the offenses of conviction (car-jacking and robbery) have as an element, "the use, attempted use, or threatened use of physical force," and they involve "conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i),(ii). Further, Louissaint committed these offenses on occasions different from one another. Accordingly, Title 18, United States Code, Section 924(e)(1) applies; Louissaint is an armed career criminal and he is subject to a mandatory minimum term of imprisonment of fifteen years.

**Statement of Facts**

The informations in Cases F04-008991B, F04-009002B, and F04-012849B disclose that Louissaint committed the offenses of which he was convicted on February 21, 28, and 29, 2004, when he was 16 years old.  (*See* PSI, ¶ 37.)  Louissaint was, however, convicted and sentenced as an adult.  The informations and judgments further disclose the following details concerning Louissaint's convictions:

| Case No. | Offenses of Conviction | Offense Date |
|---|---|---|
| F04-008991B | 1.  Car-jacking, with a firearm or other deadly weapon, in violation of Section 812.133(2)(a), Florida Statutes, a first degree felony.<br>2.  Robbery with carriage of a weapon in violation of Section 812.13(2)(b), Florida Statutes, a first degree felony.<br>(Adjudicated guilty based on plea of guilty.) | Feb. 29, 2004 |
| F04-009002B | Robbery with carriage of a weapon in violation of Section 812.13(2)(b), Florida Statutes, a first degree felony.<br>(Adjudicated guilty based on plea of guilty.) | Feb. 28, 2004 |
| F04-012849B | Robbery with carriage of a firearm or other deadly weapon in violation of Section 812.13(2)(a), Florida Statutes, a first degree felony.<br>(Finding of guilt based on plea of guilty, adjudication withheld.) | Feb. 21, 2004 |

(*See* Composite Exhibit 1 (Information, Judgment, Sentence in Case No. F04-008991B); Composite Exhibit 2 (Information, Judgment, Sentence in Case No. F04-009002B); Composite Exhibit 3 (Information, Finding of Guilt, Sentence in Case No. F04-012849B).)

Significantly, each of the informations filed against Louissaint bears the designation "Juvenile Direct File."  (*See* Exhibits 1-A, 2-A, 3-A (Informations).)  Undersigned counsel consulted

3

with Assistant State Attorney Sylvia Brown who signed the informations. Ms. Brown advised that the designation "Juvenile Direct File" together with a case number beginning with the letter F indicates that a defendant is being prosecuted as an adult. In contrast, juvenile case numbers begin with the letter J.

On July 16, 2004, the Honorable Scott J. Silverman, Circuit Court Judge, imposed concurrent "youthful offender" sentences of 364 days in prison, followed by probation and community control, in each of the Miami-Dade cases. (*See* Exhibits 1-C; 2-C; 3-C (Sentences).)

### **Memorandum of Law and Argument**

The Armed Career Criminal Act ("ACCA"), codified at Title 18, United States Code, Section 924(e) provides, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, . . .

18 U.S.C. §924(e)(1).

Title 18, United States Code, Section 924(e)(2)(b), defines "violent felony" as follows:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, *or* any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). Significantly, the ACCA defines "violent felony" in

the disjunctive as either "any crime punishable by imprisonment for a term exceeding one year, *or* any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device . . . " *Id.* Accordingly, if a defendant is convicted of a felony as an adult, there is no need to determine whether the conviction qualifies as an act of juvenile delinquency involving the use or carriage of a firearm, knife, or destructive device. *See United States v. Cure*, 996 F.2d 1136, 1139-40 (11th Cir. 1993) (citing *United States v. Lender*, 985 F.2d 151, 155 (4th Cir. 1993)). As discussed in the following section, Louissaint's convictions in Cases F04-008991B, F04-009002B, and F04-012849B are adult felony convictions, so there is no need to consider whether they qualify as acts of juvenile delinquency. Further, his convictions qualify as "violent felony" convictions because the statutory definitions of the offenses of conviction (armed robbery and car-jacking) have as an element, "the use, attempted use, or threatened use of physical force," and they involve "conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i),(ii); *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (in determining whether a prior offense qualifies as a "violent felony" for the purposes of the ACCA, a court is to consider *only* the statutory definition of the prior offense, and not to the particular facts underlying the conviction) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

> **1.     Louissaint was convicted and sentenced as an adult in Cases F04-008991B, F04-009002B, and F04-012849B, and the dispositions in those cases are predicate convictions for the purposes of Title 18, United States Code, Section 924(e)(1).**

Louissaint cites *United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993) and *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006) in support of his argument that his convictions do not qualify as violent felony convictions for purposes of Title 18, United States Code, Section 924(e), because he was a youthful offender and was sentenced to a term of imprisonment of only one year. (*See*

Objections, at pp. 1-2, ¶ 1.)  He seems to argue that *Pinion* and *Wilks* bar the application of the ACCA based on youthful offender convictions, unless the defendant was both: (1) convicted as an adult, and (2) sentenced to a term of imprisonment in excess of one year and one month.  (*Id.*)  Louissaint is wrong.  *Pinion* and *Wilks* do not bar application of the ACCA.

In *Pinion*, the issue was whether Pinion's prior South Carolina youthful offender convictions could be assessed criminal history points, and whether his youthful offender conviction for aggravated assault and battery qualified as a predicate conviction for career offender status under USSG § 4B1.1.  The ACCA and USSG § 4B1.4 were not in issue.  *See Pinion*, 4 F.3d at 943.  Pinion had been convicted in adult court and served 27 months in prison for three indeterminate six year maximum sentences.  *Id.*, at 944.  Based on these facts, the *Pinion* court held the convictions could be counted and the assault and battery conviction was a predicate conviction for career offender status.  *Id.*, at 945.  The court relied, in part, on USSG § 4A1.2(d)(1), which requires that convictions for offenses committed prior to age eighteen be assessed 3 points if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month.  *Id.*, at 944.

Significantly, the *Pinion* court recognized that USSG § 4B1.2 prescribes a broader test for determining whether a conviction for an offense committed prior to a defendant's eighteenth birthday qualifies as a predicate conviction for career offender status:

> (3) . . .  A conviction for an offense committed prior to the age of eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted. . . .
>
> U.S.S.G. § 4B1.2, comment. (n. 3) (1991).
>
> . . .

> The commentary cited in this note suggests the guidelines' willingness to accommodate a state's *treatment* of its criminals. Thus, because the guidelines do not specifically address "youthful offender" convictions, the mere title is not dispositive without an investigation of the pragmatic effect of the proceedings.

*See Pinion*, 4 F.3d at 944 n. 6 (quoting USSG § 4B1.2, comment (n. 3) (1991)). The court noted three factors to be considered during such an investigation: the nature of the proceedings; the sentences received; and the actual time served. *Id.*, at 944. Based on these factors and USSG § 4A1.2(d)(1), the court held that Pinion's convictions qualified for purposes of criminal history and career offender status. *See Pinion*, 4 F.3d at 944-45.

Thus, *Pinion* does not establish USSG § 4A1.2(d)(1) as the test for whether youthful offender convictions qualify as predicate convictions for career offender status under the guidelines, and it says nothing about whether such convictions may qualify as "violent felony" convictions under the ACCA. Rather, *Pinion* holds that state youthful offender convictions may qualify as predicate convictions for career offender status provided "the pragmatic effect of the proceedings" shows that the defendant was treated as an adult; and *Pinion* recognizes youthful offender convictions falling within USSG § 4A1.2(d)(1) as a subset or species of such predicate convictions.

In *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), the court applied *Pinion* and *United States v. Spears*, 443 F.3d 1358 (11th Cir. 2006) in support of its holding that Wilks's Florida youthful offender convictions qualified as predicate convictions for career offender status and "violent felony" convictions under the ACCA. *See Wilks*, 464 F.3d at 1242-43. Significantly, the *Wilks* court noted that the Florida Circuit Court is an adult court, and that treatment as a youthful offender under Florida law is consistent with treatment as an adult criminal:

> The Florida circuit court that sentenced Wilks is an adult court. Wilks' treatment as a youthful offender under Florida law limited the maximum term of imprisonment and the type of facility in which he was incarcerated. ***However, he was otherwise treated as an adult criminal***, and he was sentenced to [a] term of imprisonment exceeding one year and one month.

*Id.*, at 1243 (emphasis added). The *Wilks* court did not hold that a youthful offender sentence of less thirteen months bars the application of USSG § 4B1.1 or the ACCA.

*United States v. Spears*, 443 F.3d 1358 (11th Cir. 2006), which the *Wilks* court relied upon, holds that a youthful offender conviction qualifies as a predicate conviction for the ACCA as long as the defendant was convicted as an adult and the offense was a felony, *i.e.*, punishable by imprisonment for more than one year:

> Defendant also claims that this robbery conviction does not count for ACCA enhancement because he was only seventeen years old when he committed the robbery and was only convicted of having a deadly weapon, not specifically a firearm, knife, or destructive device. This claim is meritless because defendant was convicted and sentenced as an adult for the robbery; therefore, the robbery conviction counts towards ACCA enhancement because it was punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 924(e)(2)(B) (saying qualifying predicate conviction includes a "violent felony" which is "any crime punishable by imprisonment for a term exceeding one year"); *United States v. Cure*, 996 F.2d 1136, 1139-40 (11th Cir. 1993) (concluding that prior conviction for crime committed when defendant was under seventeen satisfied ACCA's requirements because defendant was adjudicated as an adult under Florida law and sentenced for a term exceeding one year.

*Spears*, 443 F.3d at 1360-61.

Thus, *Wilks*, *Spears*, and *United States v. Cure*, 996 F.2d 1136 (11th Cir. 1993) support the Government's position that youthful offender convictions qualify as predicate convictions for the ACCA. Further, a review of the Florida Youthful Offender Act ("FYOA"), enacted at Sections 958.011 to 958.15, Florida Statutes (2004), confirms that Florida classifies Louissaint's prior

8

convictions as adult convictions. The FYOA expresses the Florida legislature's intention to treat "youthful offenders" as adults; it expressly distinguishes "youthful offenders" from juveniles, and refers to them as adults. Section 958.021, which states the legislature's intent in enacting the FYOA, states, in part:

> It is the further intent of the Legislature to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that *they can no longer be handled safely as juveniles* and who require more substantial limitations upon their liberty to ensure the protection of society.

FLA. STAT. § 958.021 (2004) (emphasis added). Similarly, Section 958.046, regarding placement in boot camps, provides, in part:

> In county-operated youthful offender boot camp programs, *juvenile offenders shall not be commingled with youthful offenders.*

FLA. STAT. § 958.046 (2004) (emphasis added). And, Section 958.13(1), which concerns the sealing of records, identifies "youthful offenders" as adult offenders:

> The records relating to the arrest, indictment, information, trial, or disposition of alleged offenses of a person adjudicated a youthful offender under this act shall be subject to such sealing, expunction, and control of dissemination as are the criminal justice records *of other adult offenders* under applicable provisions of law.

FLA. STAT. § 958.13(1) (2004) (emphasis added). Thus, Louissaint's "youthful offender" convictions are adult convictions under Florida law. They also qualify as "violent felony" convictions for purposes of the ACCA.

First, all of the offenses of which Louissaint was convicted are first-degree felonies punishable by more than one year in prison. *See* FLA. STAT. § 812.133(2)(a) (2004) ("car-jacking is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084."); FLA. STAT. § 812.13(2)(a)

9

(2004) ("the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084."); FLA. STAT. § 812.13(2)(b) (2004) ("the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.").[1]

Second, each of Louissaint's offenses has as an element, "the use, attempted use, or threatened use of physical force," and they involve "conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i),(ii). The Florida car-jacking statute that Louissaint was convicted of violating provides:

> "Carjacking" means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the mother vehicle, ***when in the course of the taking there is the use of force, violence, assault, or putting in fear***.

FLA. STAT. § 812.133(1) (2004) (emphasis added). And, the robbery statute he was convicted of violating provides:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, ***when in the course of the taking there is the use of force, violence, assault, or putting in fear.***

FLA. STAT. § 812.13(1) (2004) (emphasis added). *See United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) ("Florida law defines the offense of robbery as the taking of another's property by 'the use of force, violence, assault, or putting in fear.' Fla. Stat. § 812.13(1). Thus,

---

[1] Section 775.082(3)(b), Florida Statutes (2004) provides that persons convicted of a felony of the first degree may be punished "by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." FLA. STAT. § 775.082(3)(b) (2004). Section 775.083, Florida Statutes (2004) prescribes fines that may be imposed, and Section 775.084, Florida Statutes (2004) concerns the sentencing of recidivists. *See* FLA. STAT. §§ 775.083, 775.084 (2004).

robbery clearly constitutes a 'violent felony' within the meaning of § 924(e)(2)(B).") (citing *United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995) (recognizing that defendant's prior convictions for robbery are violent felonies under § 924(e)(2)(B)).

Louissaint committed his three "violent felony" offenses on occasions different from one another: February 21, 28, and 29, 2004. Accordingly, Title 18, United States Code, Section 924(e)(1) applies, and he must be sentenced to a term of imprisonment of at least fifteen years.

> **2.   Louissaint's convictions in Cases F04-008991B, F04-009002B, and F04-012849B qualify as predicate convictions for purposes of Title 18, United States Code, Section 924(e), even though Louissaint was sentenced on the same day, at the same time, by the same judge, and his sentences were concurrent.**

The Eleventh Circuit has expressly rejected Louissaint's argument that the ACCA does not apply if the predicate felonies were consolidated for sentencing, and concurrent sentences were imposed at the same time. The ACCA applies so long as the offenses underlying the three predicate felony convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e); *United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995) (ACCA applicable where defendant committed robberies on separate occasions, fact that cases were consolidated for sentencing and concurrent sentences imposed did not render statute inapplicable) (citing, *inter alia*, *United States v. Howard*, 918 F.2d 1529, 1538 (11th Cir. 1990) (§ 924(e) "does not require separate indictments; the final conviction under section 922(g) must merely be preceded by three convictions for *crimes* that are temporally distinct.") (italics in original)).

As the *Jackson* court held, as long as the predicate crimes are temporally separate, the timing of the legal consequences is irrelevant:

> Jackson concedes that the five robberies for which he was convicted were committed on five separate occasions: November 17, 1970; December 9, 1970; January 5, 1971; January 11, 1971; and January 19, 1971. It matters not for § 924(e) purposes that the legal consequences of Jackson's separate criminal acts were imposed upon him on the same day. Nor does it matter that the legal consequences were sentences to be served concurrently instead of consecutively.

*Jackson*, 57 F.3d at 1018 (citing *United States v. Herbert*, 860 F.2d 620 (5th Cir. 1988) (treating two burglary convictions rendered in same proceeding and yielding concurrent sentences as separate).

> **3.     The Finding of Guilt and Order Withholding Adjudication in Case No. F04-012849B qualifies as a predicate conviction for purposes of Title 18, United States Code, Section 924(e).**

A person who pleads guilty in a Florida state court to a felony offense is "convicted" within the meaning of the federal firearms statutes, notwithstanding the fact that the state court withholds adjudication. *See United States v. Orellanes*, 809 F.2d 1526, 1528 (11th Cir. 1987) (defendant's plea of guilty followed by withholding of adjudication qualifies as prior conviction for purposes of 18 U.S.C. § 922(h)(1)) (citing *State v. Gazda*, 257 So. 2d 242, 243-44 (Fla. 1971) (the term "conviction" means determination of guilty by verdict or guilty plea and does not require adjudication of guilt)); *United States v. Grinkiewicz*, 873 F.2d 253, 254-55 (11th Cir. 1989) (guilty plea with adjudication withheld qualifies as prior felony conviction for purposes of 18 U.S.C. § 922(g)(1)) (citing *Orellanes*); *United States v. Chubbuck*, 252 F.3d 1300, 1303-1306 (11th Cir. 2001) (same) (declining to overrule *Orellanes*, *Grinkiewicz*)). *See also United States v. Kelly*, No. 07-60111-CR, 2007 WL 2904153, *2 (S.D. Fla. Oct. 4, 2007) ("Unless and until the United States Supreme Court or the Eleventh Circuit holds otherwise, a defendant who has pled guilty or has been found guilty of a felony offense in a Florida state court has had adjudication withheld is a convicted felon for purposes of the federal firearms statutes.") (citing *Orellanes*, *Grinkiewicz*, *Chubbuck*); *United States v. Milliken*, 769 F. Supp. 1023, 1024-25 (W.D. Tenn. 1991) (defendant's plea of guilty

to aggravated battery in Florida state court, with adjudication withheld, is conviction for "violent felony" for purposes of 18 U.S.C. § 924(e)) (citing *Orellanes*).

Applying the Eleventh Circuit's rule, Louissaint's plea of guilty, in Case No. F04-012849B, to the charge of robbery with carriage of a firearm or other deadly weapon in violation of Section 812.13(2)(a), Florida Statutes, constitutes a prior conviction for a "violent felony" for the purposes of the ACCA, even though the court withheld adjudication.  *See, e.g., Milliken*, *supra.*

### 4. Whether Louissaint used or carried a firearm, knife, or destructive device, and his relative involvement in the predicate offenses are irrelevant for the purposes of Title 18, United States Code, Section 924(e).

Louissaint objects that his convictions in Miami-Dade Circuit Cases F04-008991B, F04-009002B, and F04-012849B should not qualify as predicate offenses for purposes of the ACCA, because he was a juvenile at the time, and in each case it was one of his companions who pointed the BB gun at the victim.  Accordingly, Louissaint did not use or carry a firearm, knife, or destructive device.  (*See* Objections, at 3-4, ¶¶ 3-4.)  This objection fails for two reasons.

First, as discussed above, in each case, Louissaint was convicted as an adult, so his convictions qualify as "violent felony" convictions under the first definition set forth in Title 18, United States Code, Section 924(e)(2)(B), and the court need not consider whether any offense was an "act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device."  *See United States v. Cure*, 996 F.2d 1136, 1139-40 (11th Cir. 1993) (when applying § 924(e)(2)(B), if a prior conviction is an adult conviction, there is no need to determine whether the offense constitutes "any act of juvenile delinquency") (citing *United States v. Lender*, 985 F.2d 151, 155 (4th Cir. 1993)).

Second, in determining whether a prior offense qualifies as a "violent felony" for the

purposes of the ACCA, a court is to consider *only* the statutory definition of the prior offense, and not to the particular facts underlying the conviction. *See United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). As discussed, in Section 1 above, the statutory definitions in this case, establish that each of Louissaint's prior felony convictions "(i) has as an element, the use, attempted use, or threatened use, of physical force against the person of another; or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B).

### 5. Louissaint's prior robberies and car-jacking constitute three violent felony offenses committed on occasions different from one another.

Louissaint argues that his robbery offenses in Miami-Dade Circuit Court Cases F04-009002B, and F04-012849B were both committed on February 21, 2004 during a single crime spree. Accordingly, he argues, he did not commit three violent felony offenses on occasions different from one another. (*See* Objections, at 4, ¶ 4.) His argument is refuted by the record and the law.

*United States v. Pope*, 132 F.3d 684 (11th Cir. 1998) prescribes the test for assessing whether crimes were "committed on occasions different from one another" for the purposes of the ACCA. In *Pope*, the court held that Pope's burglaries of two buildings, located 200 yards apart, on the same night, were crimes committed on occasions different from one another. *Id.*, 132 F.3d at 689-92. In its reasons, the *Pope* court stated:

> Although this Court has not addressed this issue in the precise context that the facts of this case presents, other circuits, employing a similar "criminal episode" standard, have decided cases where two or more of the predicate crimes occurred in close temporal and physical proximity to one another. A review of those decisions suggests that so long as some temporal "break" occurs between the two crimes, they will be held to constitute distinct criminal episodes. The rule of those decisions appears to be that the ACCA should apply to criminals who commit three crimes in temporal and physical proximity to one another if the perpetrator had a meaningful opportunity to desist his activity before committing the second offense.

14

> Mere temporal proximity is ordinarily insufficient to merge multiple offenses into a single criminal episode. Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small. *See, e.g., United States v. Antonie*, 953 F.2d 496, 499 (9th Cir. 1991) (holding two armed robberies committed forty minutes apart to be separate offenses because they occurred at different times and places and affected different victims). When a criminal simultaneously robs several people by committing a single act, all of those robberies do constitute a single episode. . . . However, when the crimes occur at distinctly different times, completion of the first crime before commencement of the second indicates that they are distinct criminal episodes.

*Id.*, at 690 (internal citations omitted). After discussing opinions of the Sixth, Seventh, and Tenth Circuit Courts of Appeal, the *Pope* court concluded:

> Given the broad sweep of the language of the ACCA, even as amended, we find persuasive the virtually unanimous voice with which the other courts of appeals have stated that the "successful" completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA. Accordingly, we hold that so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.

*Pope*, 132 F.3d at 692.

Here, each of Louissaint's prior violent felony offenses were committed on different dates, against different victims, and each crime was successfully completed before Louissaint and his confederates decided to commit the next. Also, Louissaint had a meaningful opportunity to desist his activity before committing the second and third offenses.

The record shows that on February 21, 2004, Louissaint and his co-defendants ordered food from Papa John's Pizza, then they robbed Dario Abufager at gunpoint, when he arrived to deliver the order. Louissaint and his companions took Mr. Abufager's wallet, cash, bag, car keys, and the pizza. (*See* PSI, at ¶ 25.) One week later, on February 28, 2004, they ordered food from Bamboo Garden Restaurant, then they robbed the delivery man, Antonio Bezzera, Jr., at gunpoint, when he

arrived with the order. (*See* PSI, at ¶ 24.) On February 29, 2009, Louissaint and his companions ordered food from China Lake Chinese Restaurant. When delivery man Peter Wang arrived to deliver the food, Louissaint and his friends robbed Mr. Wang at gunpoint, struck him on the head with the BB gun they were using, and stole his car. Indeed, it was Louissaint who drove Mr. Wang's car away from the scene of the car-jacking. (*See* PSI, at ¶ 23.) Applying *Pope* to these facts, there can be no dispute that Louissaint's prior violent felony offenses were committed on occasions different from one another, for purposes of the ACCA.

### 6.  United States Sentencing Guideline § 4A1.2(a)(2) does not control the application of Title 18, United States Code, Section 924(e).

Louissaint argues that USSG § 4B1.2(c) and USSG § 4A1.2(a)(2) should control the determination of whether he has "three previous convictions" for the purposes of the ACCA. In that event, he argues, his prior convictions would count as one conviction, because the underlying offenses were not separated by intervening arrests. (*See* Objections, at 4, ¶ 4.) Of course, Louissaint cites no authority for this proposition, because there is none. Indeed, Louissaint's argument is precluded by the Sentencing Guidelines themselves, and by controlling Eleventh Circuit precedent.

The guidelines are advisory, but the ACCA is mandatory. Thus, the ACCA and controlling interpretative precedent – not the guidelines – must control the application of the statute. The supremacy of the statute is recognized by United States Sentencing Guideline § 4B1.4, which applies upon a *prior finding* that a defendant is an "armed career criminal" subject to an enhanced sentence under the ACCA. *See* USSG § 4B1.4, Comment n. 1 ("This guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e).").

The fact that Louissaint was not arrested until he had successfully committed his three prior violent felony offenses does not convert the offenses into one crime for the purposes of the ACCA.

16

Louissaint's argument is refuted by the rule in *United States v. Jackson*, 57 F.3d 1012 (11th Cir. 1995) that the timing of the legal consequences of the three predicate crimes, such as indictment or sentencing, are irrelevant as long as the predicate crimes were committed on occasions different from one another. *Id.*, at 57 F.3d at 1018. Applying *Jackson*, the fact that Louissaint was arrested once for all three of his predicate felonies changes nothing. Louissaint is an armed career criminal because his predicate crimes were committed on occasions different from one another.

WHEREFORE, the United States requests that the Court overrule defendant Walter C. Louissaint's objections to the Pre-Sentence Investigation Report, and sentence Louissaint to a term of imprisonment of at least fifteen years.

    Respectfully submitted,

    JEFFREY H. SLOMAN
    UNITED STATES ATTORNEY

By: /s/ Dwayne E. Williams
    Dwayne E. Williams, Esq.
    Assistant United States Attorney
    Florida Bar No. 0125199
    99 Northeast 4th Street, Suite 710
    Miami, Florida 33132-2111
    Tel: (305) 961-9163
    Fax: (305) 536-7213
    Email: dwayne.williams@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on the 7th day of January, 2010.

/s/ Dwayne E. Williams  
Assistant United States Attorney
