UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CR-20631-SEITZ

UNITED STATES OF AMERICA,

v.

WALTER C. LOUISSAINT,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant Walter Louissaint's *pro se* letter to the Court, dated November 17, 2020 [DE 116], which the Court treats as a motion for reconsideration of its earlier Order Denying Defendant's Motion for Compassionate Release Due to the COVID-19 Pandemic [DE 115]. The Government has not responded, and the time for doing so has passed. The Court has considered the Defendant's motion and the applicable law. Because Defendant does not offer any substantively new argument or evidence, and because motions for reconsideration are not appropriate in these instances, Defendant's motion is DENIED.

    **I.**    **Legal Standard**

Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, they are permitted in certain criminal matters. *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). Motions for reconsideration of sentence reduction orders under 18 U.S.C. § 3582(c), however, are not such

1

instances. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (excluding application of civil rules of procedure to criminal matters such as those under § 3582(c)(2)); *Phillips*, 597 F.3d. at 1200 (stating that § 3582(c)(1)(B) "does not include a…motion for reconsideration as an exception to the sentence modification prohibition"). Although the Eleventh Circuit has not squarely addressed the issue, the Court appears similarly restricted from entertaining a motion for reconsideration of a compassionate release order under § 3582(c)(1)(A).

## II.     Discussion – Basis of Court's Decision

Defendant's letter updates the Court on the pandemic at his institution, and explains that, regrettably, he has contracted COVID-19 and has experienced several symptoms. Defendant also asks, again, for a recommendation for home confinement. This additional information, however, does not constitute new argument that the Court had not already considered, or offer any facts substantively different than those presented earlier, aside from his contracting the virus, which would not alter the Court's earlier analysis.

The provided information fails to meet a minimum threshold for a renewed motion for compassionate release. Instead, the Court treats the letter as motion for reconsideration, which, as explained above, is not available to a defendant in these circumstances.

Therefore, it is

ORDERED THAT

Defendant Louissaint's *pro se* motion for reconsideration [DE 116] is

DENIED.

DONE AND ORDERED in Miami, Florida, this 28th day of January, 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE